1 | Salah Khatib, Esq. (SBN 330359)
2 | Abusharar and Associates
  | 501 N. Brookhurst St. #202
3 | Anaheim, CA 92801
  | Tel: 714-535-5600
4 | Fax: 714-535-5605
  | Email: associate2@abushararlaw.com
5 | Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samir Dahi; Wahid Dahi; Jihan Aldarwich; Nadim Dahi; George Dahi<br><br>Plaintiffs,<br><br>vs.<br><br>**United States Department of State; Antony Blinken,** Secretary of State of the United States; **Carl C. Risch,** Assistant Secretary of State for Consular Affairs; **Stephen Biegun,** Deputy Secretary of State; **Catherine Barry,** Senior Advisor at U.S. Department of State; **Joey Hood,** Charge d' Affaires of U.S. Embassy in Amman, Jordan; **United States Embassy in Amman, Jordan; Christine Parker,** Chief, Outreach and Inquiries Division of Visa Services in the Department of State,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 1


# INTRODUCTION

1. This action is brought by Plaintiffs Samir Dahi, Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi by and through their attorney, to compel Defendants and those acting under them to take action on Plaintiff Wahi Dahi, Plaintiff Jihan Aldarwich, Plaintiff Nadim Dahi and Plaintiff George Dahi's pending immigrant visa applications.

2. Plaintiff Samir Dahi is a United States Citizen and filed an I-130 Petition for Alien Relative on behalf of his brother, Plaintiff Wahid Dahi, and his brother's wife, Jihan Aldarwich, and brother's children, Nadim Dahi and George Dahi. That Petition was duly approved and the case was then transferred to the Defendant United States Department of State for further processing and scheduling of the consular interviews at the Defendant United States Embassy in Amman, Jordan. **(Exhibit A – June 23, 2020 Letter from United States Department of State re consular processing)**.

3. On January 30, 2022, Plaintiffs Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi attended their consular interviews at Defendant United States Embassy in Amman, Jordan and gave testimony in support of their visa applications. The interviews were successfully concluded and they were not told they had to return, rather, the consular officer told the Plaintiffs that the interview was completed. However, the consular officer did tell Plaintiffs that they needed to submit additional documentation, namely a 2020 tax transcript, medical examination reports and their refugee processing documents to the Embassy. **(Exhibit B – Immigrant Visa Unit document listing additional required documents)**.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 2

4. Subsequent to the consular interview on January 30, 2022, Plaintiffs timely submitted all the requested documents to the Defendant United States Embassy in Amman, Jordan and there had been no further communication about the status of the pending immigrant visas until on August 30, 2022, Plaintiffs former counsel sent an e-mail to the Embassy informing that all the additional requested documents had been submitted to the Embassy and requested an update on when the visas would be issued.   **(Exhibit C- August 30, 2022 e-mail to Defendant United States Embassy in Amman, Jordan)**.

5. On September 6, 2022, the Defendant United States Embassy in Amman, Jordan sent a reply e-mail to Plaintiffs' former counsel in which it indicated that Plaintiffs' case was undergoing mandatory administrative processing and the Embassy could not predict how long the process would take.   **(Exhibit D – September 6, 2022 e-mail to Ardian Gjoka)**.

6. Defendants have violated the Administrative Procedures Act ("APA") by failing to process and issue a final decision on Plaintiffs' immigrant visa applications which have been pending since January 30, 2022. Plaintiffs seek to compel Defendants, through a writ of mandamus, to either grant or deny Plaintiffs' pending immigrant visa applications.

**PARTIES**

7. Plaintiff SAMIR DAHI is a citizen of the United States and filed an I-130 Petition for Alien Relative for his brother and his brother's immediate family members on or about July 20, 2006.   Subsequently, that Petition was approved and the case was transferred to the Defendant United States Department of State for further processing and scheduling of the consular interviews.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 3

8. Plaintiff WAHID DAHI, Plaintiff JIHAN ALDARWICH, Plaintiff NADIM DAHI and Plaintiff GEORGE DAHI are the brothers and sisters of Plaintiff Samir Dahi and are the beneficiaries of his approved I-130 Petition for Alien Relative and who have pending immigrant visa applications.

9. Defendant UNITED STATES DEPARTMENT OF STATE (hereinafter "State Department") is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Embassy in Amman, Jordan, its Charge d' Affaires, and officers named as defendants in this complaint.

10. Defendant ANTONY BLINKEN (hereinafter "Secretary Blinken") is sued in his official capacity as the Secretary of State, as the head of the Department of State, as he is charged with the administration and the enforcement of immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States.

11. Defendant CARL C. RISCH (hereinafter "Assistant Secretary Risch") is sued in his official capacity as the Assistant Secretary of State for Consular Affairs, as he is charged with oversight of all consular affairs, including visa matters.

12. Defendant STEPHEN BIEGUN (hereinafter "Deputy Secretary Biegun") is sued in his official capacity as the Deputy Secretary of State, as he is charged with acting as Deputy to the Secretary of State, which deals with the enforcement of immigration and nationality laws, which includes duties

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 4

13. Defendant CATHERINE BARRY (hereinafter "Senior Advisor at U.S. Department of State") is sued in her official capacity as the Senior Advisor of the U.S. Department of State. as she is charged with all matters relating to visas and the administration of visa-related laws.

14. Defendant JOEY HOOD (hereinafter "Charge D'Affaires Hood") is the Charge d'Affaires of the U.S. Embassy in Amman, Jordan. This suit is brought against Charge d' Affaires Hood in his official capacity, as he is charged with all matters relating to the consular affairs in the U.S. Embassy in Amman, Jordan.

15. Defendant UNITED STATES EMBASSY IN AMMAN, JORDAN is a mission within Defendant United States Department of State and is involved in the acts challenged in this action. The United States Embassy in Amman, Jordan is responsible for scheduling and adjudicating Plaintiffs' pending visa applications.

16. Defendant CHRISTINE PARKER (hereinafter "Chief Parker") is the Chief of Outreach and Inquires in the Visa Division of Visa Services in the United States Department of State. This suit is brought against Chief Parker in her official capacity, as she is charged with all matters relating to inquires in the Visa Division.

**JURISDICTION**

17. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiffs suffered a legal wrong and continues to suffer because of the Defendants' failure to act upon the pending immigrant visa applications for indefinite periods of time.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 5

18. This Court has jurisdiction over the present action pursuant to 8 C.F.R. § 204, Immigration & Nationality Act §203 (b)(1)(C); 28 U.S.C. § 1131; 28 U.S.C. §1361, the Mandamus Act; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

19. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline. *See Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance, ... no balancing of factors is required or permitted."

## VENUE

20. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a plaintiff resides, so long as no real property is involved in the action. Plaintiffs reside in Corona, California, which is located in the Central District of California. No real property is involved in this action. Therefore, venue is proper in this Court.

## EXHAUSTION OF REMEDIES

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 6

**21.** Plaintiffs have no administrative remedies. Since January 30, 2022, they have been waiting to receive their immigrant visas which have been placed into administrative processing at the Defendant United States Embassy in Amman, Jordan. They have been told that there is no foreseeable date at which time the administrative processing will be completed. There are no administrative remedies for neglect of duty.

## CAUSE OF ACTION

22. Pursuant to INA §204(a), Plaintiff Samir Dahi submitted an I-130 Petition for Alien Relative for his brothers and sisters, Plaintiffs Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi. The Petition was for them to join him here in the United States based on his status as a United States Citizen. The Petition was approved and was transferred to the Defendant United States Department of State for further processing and scheduling of the immigrant visa interviews at the Defendant United States Embassy in Amman, Jordan.

23. Plaintiffs Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi successfully completed their consular interview on January 30, 2022 and subsequently submitted additional documents that were requested by the consular officer. Since the submission of those documents, they have received no information from the Defendant United States Embassy in Amman, Jordan as to when the adjudication of the immigrant visas will be completed.

24. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

25. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

26. The issuance of denial of visas is the responsibility of the consular officers and was conferred by the Immigration and Nationality Act of 1952. *Li Hing of Hong Kong, Inc. v Levin*, 800 F.2d 970, 971 (9th Cir. 1986); 8 USC §1201(a)(1), 8 USC §§ 1101(a)(9), (16). The INA which governs visa processing "confers upon consular officers exclusive authority to review applications for visas". *Saavedra Bruno v Albright*, 197 F. 3d 1153, 1156 (D.C. Cir. 1999); INA §201(b)(2)(A)(i).

27. No judicial or administrative review is available for a consular officer's decision to issue or deny a visa as this has been held to be a discretionary duty. *Patel v Reno*, 134 F. 3d 929, 931 (9th Cor. 1997); *Li Hing of Hong Kong, Inc. v Levin.* 800 F. 2d 970, 971 (9th Cir. 1986).

28. The Court in Patel established that the non-reviewability doctrine is inapplicable when a consular officer fails to follow his or her discretionary duties, and that failure to make a decision to issue or deny a visa such a non-discretionary duty. See *Patel*, 134 F. 3d at 931. The APA is to seek redress for unreasonable delays. Courts use factors to determine the unreasonable delays. *Telecommunications Research and Action Center v FCC,* 750 F. 2d 70 (D.C. Cir. 1984). The Court considers whether the time an agency takes to render a decision is governed by a rule of law, where Congress has provided a time table, delays in the realm of economic regulation are less tolerable when human health and welfare are at stake, consideration of the effect of expediting delayed action on agency actions of higher or competing priority, nature and extent of

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 8

interests prejudiced by delay, and the impropriety of agency lassitude is not required to find that the agency action has been unreasonably delayed. *Id.*

29. Per 22 CFR §42.81(a), action in a visa application by the consular officer is mandatory. The consular officer must either issue or refuse the visa. Under the State Department's Foreign Affairs Manual, Section 237 of Public Law 106-113 and subsequent legislation requires that the Department establish a policy under which immediate relatives (and fiancée) visas be processed within 30 days of receipt of the necessary information from the applicant and the Department of Homeland Security (DHS), all other family based immigrant visas (IV) must be processed within 60 days. The Department expects all posts to strive to meet the 30/60 day requirements. See *9 F.A.M 504.7-2.*

## CLAIM FOR RELIEF

30. Plaintiffs' claim in this action is clear and certain. Plaintiffs reallege paragraphs 1 through 29, and, as if fully set forth, Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to complete the administrative processing of Plaintiffs' pending immigrant visa applications.

31. As a result of Defendants failure to perform their duties, Plaintiffs have suffered are suffering and will continue to suffer irreparable harm.

32. Plaintiffs' lives are completely in the hands of the Department of State during this interminable pendency of their applications. Plaintiffs Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi have been deprived of the substantial benefits of being able to join Plaintiff Samir Dahi in the safety of the United States. These benefits include the ability to enter

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 9

and stay in the United States, and right to work in the United States. Because of these unconscionable delays, Plaintiff Samir Dahi has been separated from his brothers and sisters for a very long time.

33. In failing to act on the pending immigrant visa applications, Defendants are acting directly in contradiction of the congressional intent, to promote family unity, for relatives of United States citizens.

34. The Defendants, in violation of the Administrative Procedure Act and 22 CFR §42.81(a) are unlawfully withholding or unreasonably delaying action on Plaintiff Nadia Darwish's application, and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to his case.

35. The duty of the Defendants is non-discretionary, ministerial and so plainly described as to be free from doubt that mandamus is appropriate.

36. Plaintiffs have received no information whatsoever from the United States Embassy in Amman, Jordan. Only consular officers are able to make decisions on the adjudication of immigrant visa applications, leaving Plaintiffs no adequate remedy. Accordingly, Plaintiffs have been forced to pursue the instant action.

**PRAYER**

28. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court:

    a. Accept jurisdiction and maintain continuing jurisdiction of this action;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 10

b. Declare as unlawful the violation by Defendants of failing to act on properly filed immigrant visa applications;

c. Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

d. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Plaintiffs Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi's immigrant visa applications by promptly adjudicating their pending cases;

e. Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Plaintiffs Wahid Dahi, Jihan Aldarwich, Nadim Dahi and George Dahi's immigrant visa applications by promptly adjudicating their pending cases;

f. Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

g. Grant such other relief at law and in equity as justice may require.

Dated this October 18, 2022              Respectfully Submitted,

/s/ Salah Khatib

Salah Khatib, Esq.
Counsel for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 11

# LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS

# DAHI v. UNITED STATES DEPARTMENT OF STATE, et al.

| Exhibit | Description | Page |
|---------|-------------|------|
| A | June 23, 2020 Letter from United States Department of State re consular processing | 1 |
| B | Immigrant Visa Unit listing additional required documents | 2 |
| C | August 30, 2022 e-mail to Immigrant Visa Department, United States Embassy in Amman, Jordan re: Plaintiffs immigrant visas | 3 |
| D | September 6, 2022 e-mail to Attorney Ardian Gjoka re: Plaintiffs immigrant visas | 4 |

**EXHIBIT A**





SAMIR NADIM DAHI
2914 BRIARHAVEN LN
CORONA, CA 92882

ISSYSGEN

June 23, 2020

NVC Case Number: DMS2020671028

DEAR Sir/Madam:

The National Visa Center (NVC) received your inquiry concerning the immigrant visa petition DMS2020671028 filed by SAMIR NADIM DAHI on behalf of WAHID DAHI.
 The National Visa Center (NVC) changed the U.S. Embassy/Consulate General processing WAHID DAHI's petition to the Embassy/Consulate General in AMMAN, JORDAN. Your new case number is DMS2020671028 .

| | |
|---|---|
| NVC Case Number: | DMS2020671028 |
| Petitioner's Name: | DAHI, SAMIR NADIM |
| Principal Applicant's Name: | DAHI, WAHID |
| Visa Category: | F4 - BROTHERS AND SISTERS OF U.S. CITIZENS |
| Priority Date: | 20JUL2006 |
| Foreign State Chargeability: | SYRIA |
| U.S. Embassy or Consulate: | AMMAN, JORDAN, U.S. EMBASSY |

P.O. Box 354
AMMAN
11118 JORDAN

[ERB.06/23/2020]

**EXHIBIT B**

**Embassy of the United States of America**
**Immigrant Visa Unit**
**Amman, Jordan**

Date: 30 MAR 2022

Name: OZNI, WAFAA                                     Case Number/ رقم المعاملة: AMM2022007675

Dear Visa Applicant:

Your visa application has been refused under INA 221 (g) because we require additional information. Please do the following:

1. Go to https://ceac.state.gov/iv login to the CEAC using your case number and invoice ID, and upload the requested documents.
2. Send ALL OF THE NEEDED DOCUMENTS INDICATED BELOW via Aramex to the Consular Section with a copy of this letter.

عزيزي مقدم الطلب:

لقد تم رفض طلب تأشيرة الهجرة الخاص بك بموجب (g) 221 INA لأننا بحاجة لمعلومات إضافية. يرجى تقديم الوثائق الواردة أدناه بجوار العلامة (X) حسب المقتضيات التالية:

1- تحميل الوثائق المطلوبة من خلال الرابط https://ceac.state.gov/iv والدخول إلى الـ CEAC باستخدام رقم الحالة ورقم الوصل.
2- أرسل النسخ الأصلية من هذه الوثائق مع نسخة عن هذه الرسالة إلى القسم القنصلي عن طريق شركة أرامكس.

| Enclosed | Need | |
|---|---|---|
| | | Birth Certificate (Original or Certified Copy) شهادة ميلاد (الأصلية أو صورة مصدقة عنها) |
| | | Marriage Certificate and/or Contract (Original or Certified Copy) عقد زواج (الأصلية أو صورة مصدقة عنها) |
| | | Divorce Certificate (Original or Certified Copy) شهادة طلاق (الأصلية أو صورة مصدقة عنها) |
| | | Non-conviction Certificate (Original only) from: شهادة عدم محكومية (الأصلية فقط) من: |
| | | A signed Affidavit of Support (I-864) with proof of US citizenship or residency from: يرجى تعبئة النموذج رقم I-864 مع إثبات عن الجنسية أو الإقامة من |
| X | for EWAD | Most recent federal tax returns أو W2 أو Tax Transcripts https://www.irs.gov/individuals/get-transcript |
| | | Form I-134 from the sponsor and proof of his/her income from: تعبئة كفالة رقم I-134 من الكفيل وإثبات عن دخله من |
| X | | Medical Examination Report (Must be performed by an approved panel physician) الفحص الطبي (يجب إجراؤه لدى الأطباء المعتمدين فقط) |
| | | Proof of relationship, Photos, telephone bills, letters or emails إثبات القرابة أو العلاقة صور وصولات اتصال رسائل إيميل |
| | | Passport جواز السفر |
| | | Administrative Processing. You will be contacted by the Embassy when the processing is complete. إجراءات إدارية. سيتم الاتصال بك من قبل السفارة لدى الانتهاء من إكمال الإجراءات الإدارية. |
| X | Chgee processing docs | Other Requirements إجراءات اللجوء مطلبات أخرى |

If you have any questions or need to contact the Immigrant Visa Unit, please email support-jordan@ustraveldocs.com Kindly include your name (as it appears on your passport) and your case number.

2

**EXHIBIT C**

Immigrant Visa Unit
US Embassy Amman

SENSITIVE BUT UNCLASSIFIED

**From:** Ardian Gjoka <ag@ag-legal.com>
**Sent:** Tuesday, August 30, 2022 10:30 PM
**To:** Amman, ImmigrantVisa (Amman) <AmmanImmigrantVisa@state.gov>
**Cc:** Sonila Tabaku <sonila@ag-legal.com>; wahed.dahi77@gmail.com; samirdahi@icloud.com
**Subject:** DMS2020671028 - DAHI, Vahid - Case Status Update

Dear Sir/Madam,

I am the Attorney of Record for Beneficiary. Signed form G-28 from Beneficiary is attached to this email.

Mr. Dahi completed his interview on January 30, 2022. He was provided the attached refusal letter.

The Joint sponsor has provided his tax transcripts requested. Also, the Beneficiary and the children have completed the medical exams. Probably their medicals have expired by now.

Beneficiary is still residing in Jordan, waiting for his immigrant visa and travel to the United States to join the rest of his siblings with their families.

Please let us know whether any additional information or documents is needed to conclude this case.

Mr. Dahi's current WhatsApp phone number is: 963 936 877705

Your time and consideration is greatly appreciated.

Thank you,

Ardian

Ardian Gjoka, Esq.
GJOKA LAW FIRM, PLLC
6100 Greenland Rd. Suite 302
Jacksonville, FL 32258
Phone: 904.351.8749
Fax:   904.800.1102
E-mail: ag@ag-legal.com
Web:   https://www.gjokalawfirm.com

**EXHIBIT D**

**Info**

---

**From:** Samir Dahi <samirdahi@icloud.com>
**Sent:** Monday, October 10, 2022 4:45 PM
**To:** Info
**Subject:** Fwd: DMS2020671028 - DAHI, Vahid - Case Status Update


Sent from my iPhone

Begin forwarded message:

> **From:** Ardian Gjoka <ag@ag-legal.com>
> **Date:** September 6, 2022 at 7:32:59 AM PDT
> **To:** wahed.dahi77@gmail.com, samirdahi@icloud.com
> **Cc:** Sonila Tabaku <sonila@ag-legal.com>
> **Subject: FW: DMS2020671028 - DAHI, Vahid - Case Status Update**
>
> Good morning,
>
> Please see the response below from the embassy.
>
> Samir- Please contact your congressman and ask them to intervene also. https://www.house.gov/representatives/find-your-representative
>
> Ardian
>
> ---
>
> **From:** Amman, ImmigrantVisa (Amman) [mailto:AmmanImmigrantVisa@state.gov]
> **Sent:** Tuesday, September 6, 2022 7:19 AM
> **To:** Ardian Gjoka <ag@ag-legal.com>
> **Subject:** RE: DMS2020671028 - DAHI, Vahid - Case Status Update
>
> Dear Sir/Madam,
>
> Thank you for your email.
>
> This case is refused under 221 (g) of the Immigration and Nationality Act for mandatory administrative processing. Visa processing requirements occasionally necessitate longer delays for some applicants. Embassy Amman is unable to predict the timing of this process. We will contact you as soon as there are any updates for your case.
>
> For further information regarding administrative processing, please visit: https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html.
>
> Kind regards,

1

4